### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### AT OWENSBORO

FRANKIE DWIGHT PARKER                                                          PLAINTIFF

v.                                                      CIVIL ACTION NO. 4:12CV-P1-M

LaDONNA THOMPSON *et al.*                                                      DEFENDANTS

### MEMORANDUM OPINION

Plaintiff Frankie Dwight Parker, a released prisoner, filed a *pro se* complaint pursuant to

42 U.S.C. § 1983 regarding the conditions of his confinement during his incarceration as a state

inmate at the Daviess County Detention Center (DCDC) .  Because Plaintiff is proceeding *in*

*forma pauperis*, this Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2) and

*McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997).  For the reasons that follow,

the complaint will be dismissed.

### I.

Plaintiff brings suit against Kentucky Department of Corrections Commissioner LaDonna

Thompson and DCDC Jailer David Osborne in their individual and official capacities.  He also

sues Southern Health Partners (SHP), which provides medical staff at the DCDC.

Plaintiff reports having high cholesterol, high blood pressure, and diabetes.  He claims

that since his arrival at DCDC on June 21, 2011, his "problems have gotten worse" because there

is no consistent recreation and that when inmates do get recreation, it is in a classroom with

tables and chairs.  "There is no exercise equipment at all just a pull up bar, a corn-hole game,

romance books and bibles that is all."  He reports that he used to walk in his cell but due to the

increased housing of county and federal inmates on the floor, there is no room to walk anymore.

He alleges gaining weight and having to stop eating at times to lose the extra weight of around 20 pounds.

Further, Plaintiff alleges problems with the DCDC medical department. He reports having twice requested an eye examination due to his diabetes but being told that medical services were not provided for that problem. He states, "My blood sugar drops and I've asked on a few occassions for help in resolve of this problem but I get no more than a nurses visit I've only seen the doctor once since I've been here." Plaintiff additionally complains that the DCDC medical department charges him for every medical visit and every prescription refill. He claims that he owes the jail around $300.00 and that it takes half of any money sent to him. Plaintiff claims that Defendants Osborne and SHP were deliberately indifferent to his serious medical needs by failing to provide proper treatment.

Plaintiff reports that he has written to Defendant Thompson personally "about the problems [he is] having with medical like the excessive fees and threats of bodily harm and hole time," without any response. He also alleges filing grievances with the jailer but receiving no responses.

As relief, Plaintiff seeks $45,000 in monetary damages.

## II.

Upon review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as

frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district

court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two allegations are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). First, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States," *West v. Atkins*, 487 U.S. 42, 48 (1988), and second, he "must show that the alleged deprivation was committed by a person acting under color of state law." *Id.* "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. *Commissioner Thompson in her official capacity*

Commissioner Thompson, a state official sued in her official capacity for money damages, is not a "person" subject to suit under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Furthermore, official-capacity claims for damages against state officials, like Commissioner Thompson, are barred by the Eleventh Amendment to the United States Constitution. *Will*, 491 U.S. at 71; *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."). Accordingly, the official-capacity claims for damages against Commissioner Thompson will be dismissed for

4

failure to state a claim and for seeking monetary relief from a defendant who is immune from such relief.

### B. Commissioner Thompson and Jailer Osborne in their individual capacities

Commissioner Thompson's and Jailer Osborne's supervisory positions do not automatically make them liable for the actions of their subordinates. "Respondeat superior[1] is not a proper basis for liability under § 1983." *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006). "Nor can the liability of supervisors be based solely on the right to control employees, or simple awareness of employees' misconduct." *Id.* (internal quotations omitted). "In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'" *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). In other words, "liability under § 1983 must be based on active unconstitutional behavior." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "A supervisor's awareness of allegations of unconstitutional conduct and failure to act are not a basis for liability." *McCurtis v. Wood*, 76 F. App'x 632, 634 (6th Cir. 2003). Thus, the fact that these Defendants were made aware of Plaintiff's complaints is not enough to subject them to liability under § 1983 for the purported wrongdoing of their subordinates.

Moreover, Jailer Osborne's failure to respond to grievances does not subject him to liability. "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir.

---

[1]Respondeat superior is "the doctrine under which liability is imposed upon an employer for the acts of his employees committed in the course and scope of their employment." BALLENTINE'S LAW DICTIONARY (3d ed. 1969).

2008) (quoting *Shehee v. Luttrell*, 199 F.3d at 300).  "The mere denial of a prisoner's grievance states no claim of constitutional dimension."  *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003).  A plaintiff's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances.  *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Simpson v. Overton*, 79 F. App'x 117, 120 (6th Cir. 2003) ("[T]he denial of an appeal cannot in itself constitute sufficient personal involvement to state a claim for a constitutional violation."); *Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care.").

The individual-capacity claims against supervisory Defendants Commissioner Thompson and Jailer Osborne must be dismissed for failure to state a claim upon which relief may be granted.

### C.  Jailer Osborne in his official capacity and SHP

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'"  *Kentucky v. Graham*, 473 U.S. at 166 (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).  Consequently, Plaintiff's official-capacity claims against Jailer Osborne are actually against Daviess County.  *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues:  (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so,

6

whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). "[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

This same municipal-liability analysis applies to § 1983 claims against a private corporation like SHP.[2] *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well."). Liability must be based on a policy or custom of the contracted private entity or "the inadequacy of [an employee's] training." *Id.*; *Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) ("CMS's [Correctional Medical

---

[2]The Sixth Circuit has held that "[i]t is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993) (quoting *West v. Atkins*, 487 U.S. 42, 54 (1988)). SHP has apparently contracted with the DCDC to provide medical services to the inmates. Thus, on initial review of the complaint, the Court presumes that SHP is a state actor.

Systems, Inc.,] liability must also be premised on some policy that caused a deprivation of [plaintiff's] Eighth Amendment rights.").

Plaintiff alleges that his health deteriorated while at the DCDC due to "no consistant rec"; that he asked for an eye exam twice due to diabetes but was told that "they don't provide medical service for this problem"; that when his blood sugar dropped he asked "for help in resolve of this problem but I get no more then a nurses visit" and has only seen a doctor once; that he is being charged for every doctor's visit and prescription refill and owes the jail around $300.00; and that he has received "threats of bodily harm and hole time."

A viable Eighth Amendment claim must satisfy both an objective component and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Street v. Corr. Corp. of Am.*, 102 F.3d at 814. The objective component requires that the deprivation be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *see also Hudson v. McMillian*, 503 U.S. 1 (1992). This component is contextually driven and is "responsive to 'contemporary standards of decency.'" *Hudson v. McMillian*, 503 U.S. at 8 (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). An inmate must show that he was deprived of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1982). "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. at 832 (citations omitted).

The subjective component requires the defendant to act with "deliberate indifference" to a prisoner's health or safety. *Wilson v. Seiter*, 501 U.S. at 302-03. "'[A]cting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of

recklessly disregarding that risk.'"  *Street v. Corr. Corp. of Am.*, 102 F.3d at 815 (quoting

*Farmer v. Brennan*, 511 U.S. at 836).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer v. Brennan*, 511 U.S. at 837-38 (citations omitted).

Plaintiff claims that Jailer Osborne and SHP were "deliberately indifferent to my serious

medical needs by failure to provide proper medical treatment in violation of my constitutional

rights."  This claim is a conclusory legal determination which is not to be taken as true.  *Iqbal*,

129 S. Ct. at 1949 ("[T]he tenet that a court must accept as true all of the allegations contained in

a complaint is inapplicable to legal conclusions."); *Chapman v. City of Detroit*, 808 F.2d 459,

465 (6th Cir. 1986) ("It is not enough for a complaint  . . .  to contain mere conclusory

allegations of unconstitutional conduct by persons acting under color of state law.  Some factual

basis for such claims must be set forth in the pleadings.").  Moreover, Plaintiff fails to name any

individual who allegedly denied him medical treatment, and even if he had, SHP, like Jailer

Osborne and Daviess County, is not liable for the actions of its employees on the basis of

*respondeat superior*.  As to Plaintiff's claim that his health deteriorated while at DCDC due to

inconsistent amounts of recreation, he has not alleged how his health has deteriorated.

Moreover, he admits that he was able to engage in recreation, just not the amount, type, or length

he desired.  He has not alleged facts sufficient to state a claim which rises to the level of a

constitutional violation.

With respect to Plaintiff's claim that he is diabetic and was denied eye examinations twice, he has not alleged a "'detrimental effect of the delay in medical treatment,'" *Napier v. Madison County*, 238 F.3d 739, 742 (6th Cir. 2001) (quoting *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1188 (11th Cir. 1994)), and therefore fails to state a constitutional violation.

Plaintiff further claims that he asked on many occasions to see a doctor but only saw him once. He admits, however, that he has been seen by nurses. As above, he has not alleged a detrimental effect of the delay in medical treatment, and this is not a case where Plaintiff has altogether been denied medical treatment. Courts often "distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) (citations omitted). "Where a prisoner has received some medical attention and the dispute is over the adequacy of treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.* (citations omitted).

In addition, Plaintiff complains about being charged fees for medical visits and prescription refills. However, "[i]t is constitutional to charge inmates a small fee for health care where indigent inmates are guaranteed service regardless of ability to pay." *White v. Corr. Med. Servs.*, 94 F. App'x 262, 264 (6th Cir. 2004). Because Plaintiff does not allege that he was denied treatment due to failure to pay fees, he has failed to state a constitutional violation for being charged for medical services.

Finally, Plaintiff alleges that he received "threats of bodily harm and hole time." He does not allege who threatened him or any circumstances surrounding these claims. His allegations therefore do not rise to the level of a constitutional violation in this case. *Wilson v. Yaklich*, 148

F.3d 596, 601 (6th Cir. 1998) ("However legitimate [the plaintiff's] fears may have been, we nevertheless believe that it is the reasonably preventable assault itself, rather than any fear of assault, that gives rise to a compensable claim under the Eighth Amendment.") (quoting *Babcock v. White*, 102 F.3d 267, 272 (7th Cir. 1996)) (internal citations omitted)).  Because Plaintiff seeks only damages, complains only of past threats resulting in no physical injury, and was released from the DCDC only days after he filed his complaint, he fails to state a claim upon which relief may be granted.

    For the reasons set forth more fully above, the instant action will be dismissed by separate Order.

Date:  September 5, 2012

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc:    Plaintiff, *pro se*
       Defendants
       General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
       Daviess County Attorney
4414.005